# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JUAN TORRES, JR.,**

    Plaintiff,

v.                                CASE NO.:

**EVENT VENUE LAKE MARY
LLC d/b/a CRYSTAL
BALLROOM LAKE MARY,**

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JUAN TORRES, JR. ("Plaintiff"), by and through undersigned counsel, brings this action against Defendant, EVENT VENUE LAKE MARY LLC d/b/a CRYSTAL BALLROOM LAKE MARY ("Defendant"), and in support of his claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay overtime wages and retaliation under 29 U.S.C. § 215(a)(3), and for unpaid wages under Florida common law.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Seminole County, Florida.

## PARTIES

4. Plaintiff is a resident of Seminole County, Florida.

5. Defendant operates an event company in Seminole County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

10. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

11. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. §203(d).

12. Defendant continues to be an "employer" within the meaning of the FLSA.

13. At all times material hereto, Defendant was and continues to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

14. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

15. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

## FACTS

16. Plaintiff began working for Defendant as a Decor Manager in August 2020, and he worked in this capacity until January 2021.

17. At various times material hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a work week.

18. As a non-FLSA exempt employee, Plaintiff was entitled to be compensated for all of the overtime hours that he worked at a rate equal to one and one-half times his regular hourly rate.

19. Defendant failed to pay Plaintiff an overtime premium for all of the overtime hours that he worked, in violation of the FMLA.

20. On or about January 8, 2021, Plaintiff demanded to be paid in accordance with the FLSA.

21. On or about January 11, 2021, Defendant retaliated against Plaintiff for requesting to be paid in accordance with the FLSA by terminating his employment.

22. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

23. In exchange for Plaintiff's services, Defendant agreed to pay Plaintiff a wage, plus commissions.

24. Defendant failed to pay Plaintiff all wages owed to Plaintiff, including commissions.

25. Plaintiff's unpaid wages and commissions constitute "wages" under Florida common law, as well as under Fla. Stat. § 448.08.

## COUNT I – FLSA OVERTIME VIOLATION

26. Plaintiff realleges and readopts the allegations of paragraphs 1 through 25 of this Complaint, as though fully set forth herein.

27. During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and he was not compensated for all of these hours in accordance with the FLSA.

28. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

29. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

    a) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

    b) Judgment against Defendant, stating that Defendant's violations of the FLSA were willful;

    c) An amount equal to Plaintiff's overtime damages as liquidated damages;

    d)    To the extent liquidated damages are not awarded, an award of prejudgment interest;

    e)    A declaratory judgment, stating that Defendant's practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

    f)    All costs and attorney's fees incurred in prosecuting these claims; and

    g)    For such further relief as this Court deems just and equitable.

## COUNT II – FLSA RETALIATION

30.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 25 of this Complaint, as though fully set forth herein.

31.    By requesting to be paid in accordance with the FLSA, Plaintiff engaged in protected activity under the FLSA.

32.    By terminating Plaintiff's employment, Defendant retaliated against Plaintiff for engaging in protected activity under the FLSA.

33.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

34.    Plaintiff was injured due to Defendant's violations of the FLSA.

**WHEREFORE**, Plaintiff demands:

    a)    A jury trial on all issues so triable;

    b)    That process issue and that this Court take jurisdiction over the case;

    c)     That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FLSA;

    d)     Compensation for lost wages, benefits, and other remuneration;

    e)     Compensatory damages, including emotional distress, allowable at law; and

    f)     For such further relief as this Court deems just and equitable.

## COUNT III – UNPAID WAGES UNDER FLORIDA COMMON LAW

35. Plaintiff realleges and readopts the allegations of paragraphs 1 through 25 of this Complaint, as though fully set forth herein.

36. During the statutory period, Plaintiff worked for Defendant, and Defendant agreed to pay Plaintiff for Plaintiff's services.

37. Defendant failed to pay Plaintiff all "wages" owed to Plaintiff, including Plaintiff's commissions.

38. As a result of the foregoing, Plaintiff has suffered damages.

***WHEREFORE***, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue, and that this Court take jurisdiction over the case;

    c) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages;

    d) All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. § 448.08;

    e) For such further relief as this Court deems just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 14th day of April, 2021.

                                      Respectfully submitted,

                                      _____
                                      **LUIS A. CABASSA**
                                      Florida Bar Number: 0053643
                                      **WENZEL FENTON CABASSA, P.A.**
                                      1110 N. Florida Avenue, Suite 300
                                      Tampa, Florida 33602
                                      Main Number: 813-224-0431
                                      Direct Dial: (813) 379-2565
                                      Facsimile: 813-229-8712
                                      Email: lcabassa@wfclaw.com
                                      Email: gnichols@wfclaw.com
                                      **Attorneys for Plaintiff**