**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JUAN TORRES, JR.,

    Plaintiff,

v.                                                 Case No:   6:21-cv-660-RBD-LHP

EVENT VENUE LAKE MARY LLC

    Defendant.

---

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** RENEWED JOINT MOTION FOR APPROVAL OF THE PARTIES' FLSA SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE (Doc. 39)
>
> **FILED:** January 12, 2022
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**I.  BACKGROUND.**

On April 14, 2021, Plaintiff Juan Torres, Jr. filed this action against Defendant Event Venue Lake Mary LLC d/b/a Crystal Ballroom Lake Mary.  (Doc. 1). Plaintiff asserts claims for unpaid overtime compensation and retaliation (Counts

I-II) in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, as well as a claim for unpaid wages under Florida law (Count III). (*Id.*, at 4-6).

On December 2, 2021, the parties notified the Court that they had reached a settlement of all claims following mediation. (Doc. 30). Thereafter, on December 14, 2021, the parties filed a joint motion asking the Court to approve their settlement agreement in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). (Doc. 33). The parties did not include a copy of their settlement agreement for the Court's review, but instead stated that the agreement was confidential, and that they had submitted the agreement for *in camera* inspection simultaneously with the motion. (*Id.*). On December 17, 2021, the undersigned denied the motion without prejudice, noting that courts in this District routinely deny requests for *in camera* review of FLSA settlements, and ordered the parties to file a renewed motion with a fully executed copy of the settlement agreement attached. (Doc. 34).

On December 21, 2021, the parties filed their second motion for approval of the parties' settlement agreement and dismissal of the case with prejudice, which included a fully executed copy of the settlement agreement. (Doc. 35). The Court denied the amended motion without prejudice on January 6, 2022, based on several issues with the motion and the settlement agreement. (Doc. 38). In particular, the parties combined all three of Plaintiff's claims into one settlement agreement, with

no clear allocation of the funds to be paid to each claim. (*Id.*, at 4). As such, it was impossible for the Court to determine whether the settlement of the FLSA retaliation and non-FLSA wage claims tainted the settlement of the FLSA overtime claim. (*Id.*, at 4-5). The settlement agreement also contained several problematic provisions, including: (1) a broad general release, (2) a non-disparagement clause, (3) a confidentiality clause, (4) a no-rehire provision, (5) a jury trial waiver provision, (6) a provision stating that the agreement could be modified by subsequent written agreement, and (7) a request that the Court retain jurisdiction to enforce Defendant's payment obligations. (*Id.*, at 6-7). The settlement agreement was also unclear as to what, if any, separate consideration had been given to Plaintiff to support these various provisions. (*Id.*, at 4-5). Last, it was unclear whether Plaintiff would receive a "complete recovery" of his claim for unpaid overtime wages, or if that claim was compromised. (*Id.*). The Court therefore ordered the parties to file a renewed motion addressing these issues. (*Id.*, at 8).

On January 12, 2022, the parties filed the present renewed motion, which has been referred to the undersigned. (Doc. 39). The parties ask the Court to approve their FLSA settlement agreement ("FLSA Agreement") in accordance with *Lynn's Food* and to dismiss this case with prejudice. (*Id.*). In an attempt to correct the numerous issues identified in their prior motion, the parties now state that "[b]ased

on the Court's last order, the parties have separated the overtime claims from the other claims into separate settlement agreements." (Doc. 39, at 1-2). Similarly, the parties represent in their separately filed joint notice that there is a second settlement agreement "that covers any non-FLSA related claims, for which court approval is not required." (Doc. 41).[1] Because these conclusory statements are insufficient to permit the Court to assess the reasonableness and fairness of the FLSA settlement agreement, the undersigned ordered the parties to file supplemental briefing explaining: (1) whether the terms of the second separate settlement agreement taint or impact the FLSA settlement agreement; (2) whether the second settlement agreement contains any of the problematic provisions previously identified in the Court's prior Orders (*see* Docs. 38, 40); (3) if the second agreement does contain any such provisions, whether separate consideration was provided for these provisions; and (4) whether the award of attorneys' fees in this case was negotiated separate and apart from the FLSA settlement, and without regard to the amount paid to settle Plaintiff's FLSA overtime claim. (Doc. 42, at 5-6).

---

[1] On January 13, 2022, the Court ordered the parties to file a notice stating whether or not they have entered into any agreement (whether oral or in writing) that has not been disclosed to the Court and (a) is in any way related to this action or (b) otherwise contains a release extending beyond the FLSA claims in this action, contains a confidentiality provision, or contains a non-disparagement provision. (Doc. 40).

The parties filed their joint supplemental brief on January 28, 2022 addressing these issues and have attached a copy of the second settlement agreement (the "Second Agreement"). (Docs. 43, 43-1). The matter has been referred to the undersigned, and it is now ripe for review.

## II.     APPLICABLE LAW.

In *Lynn's Food*, the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Lynn's Food*, 679 F.2d at 1353. A court may enter an order approving a settlement only if it finds that the settlement "is a fair and reasonable resolution of a bona fide dispute," of the plaintiff's FLSA claims. *Id.* at 1353–55. In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The stage of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

*Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute. *Lynn's Food*, 679 F.2d at 1354. There is a strong presumption in favor of settlement. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

However, when a plaintiff does not compromise his or her claim, "the resulting settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA." *Williams v. Vidhi Inv.*, Inc., No. 6:14-cv-1559-Orl-40GJK, 2015 WL 1524047, at *3 (M.D. Fla. April 3, 2015) (citations omitted). "If judicial scrutiny confirms that the parties' settlement involves no compromise [of the employee's claim], the district court should approve the settlement and dismiss the case . . . . If the parties' proposed resolution requires the employee to compromise an FLSA right, the district court must scrutinize the compromise for 'fairness.'" *Dees v. Hydradry*, 706 F. Supp. 2d 1227, 1247 (M.D. Fla. 2010).

### III. ANALYSIS.

As explained above, the undersigned required the parties to submit supplemental briefing to allow the Court to adequately assess the reasonableness and fairness of the FLSA settlement agreement in light of the parties entering into a

---

[2] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

separate agreement, the terms of which were not disclosed to the Court. *See* Doc. 42 (and authority cited therein). In the supplemental brief, the parties explain that the Second Agreement contains provisions previously contained in the first agreement and identified by the Court as problematic: a general release for non-FLSA claims, a mutual confidentiality provision, a mutual non-disparagement clause, a no-rehire provision, a jury trial waiver, and a written modification provision. (Doc. 43, at 4). However, the parties state that the Second Agreement does not taint or impact the FLSA Agreement, as Plaintiff has not compromised his FLSA claim, the monies Plaintiff will receive pursuant to the separate agreement do not affect or impact the monies he is due under the FLSA Agreement, and Plaintiff is receiving additional, separate consideration for the Second Agreement. (*Id.*, at 2-3). The undersigned will first address whether Plaintiff has compromised his FLSA claim.

*A. Whether Plaintiff Has Compromised His FLSA Claim.*

Pursuant to the FLSA Agreement, Defendant will pay Plaintiff $5,800.00 in satisfaction of his FLSA overtime claim. (Doc. 39-1, at 1-2). That amount is allocated as follows: $1,400.00 in compensation for alleged unpaid overtime wages, $1,400.00 in liquidated damages, and $3,000.00 in attorneys' fees and costs. (*Id.*).

In the joint motion, the parties state that Plaintiff is not compromising his overtime claim under the FLSA. (Doc. 39, at 3). The parties explain that although

Plaintiff initially calculated his overtime damages to be $4,900.00 in his answer to the Court's Interrogatories, *see* Doc. 19, this calculation was done before the parties were able to exchange documents and information, and Plaintiff consequently overestimated his damages. (*Id.*). The parties state that at the time of mediation, Plaintiff estimated that his overtime damages were approximately $1,400.00. (*Id.*). Thus, the parties explain that Plaintiff will receive all of the wages he claims to be owed for alleged unpaid overtime, plus all corresponding statutory liquidated damages, and therefore Plaintiff will receive the full measure of relief provided under the FLSA without compromise. (*Id.*).

Because Plaintiff will receive all of the compensation to which he claimed he was entitled under the FLSA on his overtime claim, I recommend that the Court find that Plaintiff has not compromised his FLSA claim within the meaning of *Lynn's Food*. *See, e.g., Ford v. Metro Corral Partners, LLC*, No. 6:07-cv-1516-Orl-19KRS, 2008 WL 4936475, at *1 (M.D. Fla. Nov. 17, 2008) (finding that plaintiff did not compromise FLSA claim where parties represented that plaintiff had initially overcalculated the wages he was owed, but based on later-obtained payroll records, plaintiff would receive as settlement all of his recalculated FLSA wages).

### B. *Whether the Settlement is Fair and Reasonable.*

As noted above, Plaintiff is not compromising his FLSA overtime claim. *See id.* Normally in such situations, the Court need not conduct any further review of

the parties' settlement of this claim under *Lynn's Food*. *See Natera v. Mastercorp of Tenn., Inc.*, Case No. 6:08–cv–2088–Orl–22DAB, 2009 WL 1515747, at *2 (M.D. Fla. June 1, 2009) ("Full recompense of the [FLSA] damage claim is *per se* fair and reasonable, and should be approved."). Nonetheless, some courts have expressed concern that a non-cash concession by an employee, such as a confidentiality provision or a broad release, "affects both the 'fairness' and the 'full compensation' component of the settlement, and thus requires (and often precludes) a fairness finding, even when all monetary compensation owed is paid in full." *Jarvis v. City Elec. Supply Co.*, No. 6:11-cv-1590-Orl-22DAB, 2012 WL 933057, at *5 (M.D. Fla. Mar. 5, 2012) (quoting *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1348 (M.D. Fla. 2010)), *report and recommendation adopted*, 2012 WL 933023 (M.D. Fla. Mar. 20, 2012). Therefore, given this authority, as well as the history of this case, I have considered the FLSA Agreement as a whole.

Upon review, the FLSA Agreement contains a release, which is limited to claims arising under the FLSA,[3] and does not contain any other provisions, such as

---

[3] The definition of "Releasees" in the release contained in the FLSA Agreement extends to non-parties, specifically "current and former officers, directors, employees, and clients, and their shareholders, attorneys, servants and agents, together with their successors and assigns." *See* Doc. 39-1, at 3-4. This Court has found that such releases, when they are limited to claims arising under the FLSA (as is the case here), do not affect the fairness and reasonableness of the settlement. *See, e.g.*, *Neusch v. MAC Altamonte, LLC*, No. 6:16-cv-1583-Orl-37DCI, 2017 WL 11072153, at *4 (M.D. Fla. June 5, 2017), *report and recommendation adopted*, 2017 WL 11072155 (M.D. Fla. June 7, 2017). Accordingly, I recommend that the Court find that the definition of "Releasees" does not undermine the fairness of the FLSA settlement in this case, as the release is limited to FLSA wage claims.

a confidentiality provision, or a non-disparagement clause, that would undermine the fairness of the parties' settlement. (Doc. 39-1).[4]

*C. Settlement of Other Claims By Separate Agreement.*

The parties have resolved Plaintiff's remaining claims for FLSA retaliation and for violations of Florida's wages laws by the separate, Second Agreement. "[T]he Court does not need to review the parties' settlement of Plaintiff's other claims, provided its terms do not serve to contaminate the Agreement as to the FLSA claim." *Yost v. Wyndham Vacation Resorts, Inc.*, No. 6:10-cv-1583-Orl-36, 2012 WL 1165598, at *3 (M.D. Fla. Mar. 26, 2012)) (citations omitted), *report and recommendation adopted*, 2012 WL 1165468 (M.D. Fla. Apr. 9, 2012). Accordingly, "the existence of a separate agreement settling the [other] non-FLSA claims, with separate consideration paid, [is not] an impediment to the FLSA settlement."

---

[4] With regard to the $3,000.00 in attorneys' fees and costs to be paid to Plaintiff under the parties' FLSA Agreement, *see* Doc. 39-1, at 2, because Plaintiff will receive all of the FLSA compensation arguably due, the amount of attorneys' fees and costs to be paid under the FLSA Agreement cannot have tainted the amount Plaintiff agreed to accept to settle the claim. *See Stevenson v. RBC Bank USA, Inc.*, Case No. 6:10-cv-1624-Orl-28DAB, 2011 WL 4412155, at *2 (M.D. Fla. Aug. 19, 2011) ("Full recompense is *per se* fair and reasonable."). Accordingly, the Court need not scrutinize the FLSA Agreement further to consider whether the attorneys' fees and costs to be paid are reasonable. *See Caamal v. Shelter Mortg. Co., L.L.C.*, No. 6:13-cv-706-Orl-36KRS, 2013 WL 5421955, at *5 (M.D. Fla. Sept. 26, 2013). And, in any event, the parties state in their joint supplemental brief that the amount of attorneys' fees and costs "were negotiated separately and independently" of the amount to be paid to Plaintiff in resolution of his FLSA overtime claim. (Doc. 43, at 5). *See also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

*Landfair v. Optimal Phone Interpreters, Inc.*, No. 6:12-cv-1747-Orl-37DAB, 2013 WL 12388629, at *3 (M.D. Fla. June 20, 2013).

Under the Second Agreement, Defendant has agreed to pay separate consideration apart from the FLSA overtime claim to Plaintiff and his counsel for all of the provisions contained therein. (Doc. 43-1). Further, Defendant specifically allocated $500 for the non-FLSA general release contained in the Second Agreement. (*Id.* ¶ 5(a)). Therefore, "[b]ecause the parties settled the non-FLSA claims separately and that settlement does not appear to have affected the settlement terms of the FLSA claim, consideration of the separate settlement is unnecessary." *Harrison v. Experis US, Inc.*, No. 3:16-cv-1392-J-25PDB, 2017 WL 11113511, at *5 (M.D. Fla. Aug. 22, 2017) (citation omitted), *report and recommendation adopted*, 2017 WL 11113512 (M.D. Fla. Sept. 7, 2017). *See also Roman v. Lopez*, No. 6:18-cv-621-Orl-41LRH, 2020 WL 1650596, at *4 (M.D. Fla. Mar. 31, 2020), *report and recommendation adopted*, 2020 WL 1669251 (M.D. Fla. Apr. 3, 2020) (approving FLSA settlement agreement where parties separately settled non-FLSA claims, and where the parties represented that they separately negotiated a mutual general release which was supported by independent consideration, and the parties exempted any FLSA claims from the release and confidentiality provisions).

## IV. RECOMMENDATION.

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1. **GRANT** the Renewed Joint Motion for Approval of the Parties' FLSA Settlement Agreement and Dismissal with Prejudice (Doc. 39);

2. **FIND** that the parties' FLSA Agreement (Doc. 39-1) is a fair and reasonable resolution of a bona fide dispute under the FLSA;

3. **DISMISS** this case with prejudice; and thereafter

4. **DIRECT** the Clerk of Court to close the file.

### NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.  Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   11th Cir. R. 3-1.

Recommended in Orlando, Florida on February 2, 2022.

*[signature]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record